SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–16–816

| | |
|---|---|
| BREANNA NICOLE MADORE<br>APPELLANT | **Opinion Delivered** January 25, 2017 |
| | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26JV-16-187] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | HONORABLE DAVID GOODSON, JUDGE |
| | REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Breanna Madore appeals a Garland County Circuit Court order adjudicating her two sons, A.M. and P.M., dependent–neglected. On appeal, Madore challenges the trial court's finding of parental neglect. We do not reach the merits of appellant's argument because her appellate brief does not comply with Arkansas Supreme Court Rule 6-9 (2016).

Arkansas Supreme Court Rule 6-9(e)(2)(C) provides that an appellant's petition on appeal shall include an abstract consisting of an impartial condensation of such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the court for decision. Ark. Sup. Ct. R. 6-9(e)(2)(C). Here, Madore challenges the trial court's finding of dependency through parental neglect; yet, she has failed to abstract all the testimony and evidence presented to the trial court and has failed to abstract the entirety of the trial court's

ruling from the bench. Madore claims that the unabstracted testimony and court rulings relate to disposition, not adjudication, and are therefore not necessary for our review. We disagree.

Our review of a trial court's findings in dependency-neglect proceedings is de novo. *Ellis v. Ark. Dep't of Human Servs.*, 2016 Ark. 441, ___ S.W.3d ___. Thus, without a thorough and complete abstract of all the testimony and evidence presented and considered by the trial court, we are hampered in our ability to properly perform this function.

Given the deficiencies referenced above, we do not reach the merits of the case at this time. Instead, we order rebriefing to supplement the abstract with all the testimony and evidence presented to the court, as well as the entirety of the trial court's oral ruling, to be filed with our clerk's office within fifteen days.

Rebriefing ordered.

HARRISON and KLAPPENBACH, JJ., agree.

*Leah Lanford*, Ark. Pub. Defender Comm'n, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.